UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAVAR GARY VARNADO,)
)
    Petitioner,) 3:11-cv-00325-RCJ-VPC
)
vs.)
) **ORDER**
STATE OF NEVADA, *et al.,*)
)
    Respondents.)

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Respondents have moved to dismiss the petition, in part, because the petition is successive. (ECF No. 12.) Petitioner has not substantively opposed respondents' motion but has moved to voluntarily dismiss this action without prejudice on the basis that it will be in the interest of substantial justice. (ECF No. 20.)

The petition in this case challenges a 2003 conviction for two counts of robbery with use of a deadly weapon and one count of attempted sexual assault that has been previously litigated in a habeas corpus action in federal court in case 3:06-cv-00029-JCM-VPC. The court dismissed the petition in that case as untimely. (ECF No. 13, 3:06-cv-00029-JCM-VPC.) Dismissal of a prior federal petition as untimely renders subsequent federal petitions challenging the same conviction second or successive petitions. *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). Thus, the present petition is clearly a successive petition. Under 28 U.S.C. § 2244(b)(1), a claim in a "second or successive habeas corpus [petition] under section 2254" must be dismissed if it was presented in a prior petition. If the claim was

not presented in the prior petition, it may be considered only in the circumstances provided by § 2244(b)(2). Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the petition. Here, petitioner has not attached a copy of an order form the Ninth Circuit Court of Appeals authorizing the filing of a second or successive petition. Accordingly, the instant petition will be dismissed without prejudice as a successive petition.[1]

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

///
///
///
///
///

---

[1] Because the court finds that the petition is successive, it declines to reach the other arguments presented by respondents.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 12) is **GRANTED**. The petition (ECF No. 6) is **DISMISSED** without prejudice as a successive petition.

**IT IS FURTHER ORDERED** that petitioner's motion for voluntary dismissal (ECF No. 20) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 14th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE